UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SEONG SOO HAM, et al.,                                              REPORT AND
                              Plaintiffs,                  RECOMMENDATION
                - against –
SUSHI MARU EXPRESS CORP., et al.,                                   15-CV-6138 (FB) (JO)
                              Defendants.
---------------------------------------------------------------------X

James Orenstein, Magistrate Judge:

        In a Complaint filed on October 26, 2015, plaintiffs Seong Soo Ham ("Ham") and Eun

Yong Lee ("Lee") accused named defendants Sushi Maru Express Corp., Kevin Kim, and Hak Jae

Lim of violating federal and state wage laws. *See* Docket Entry ("DE") 1 (Complaint). The parties

agreed to a settlement that specified the plaintiffs' recovery and provided for the court to determine

an appropriate award of attorneys' fees and costs. *See* DE 53 (memorandum and order adopting

recommendation to approve settlement). The plaintiffs now seek such an award. DE 47 (Motion).

Upon a referral from the Honorable Frederic Block, United States District Judge, and for the

reasons set forth below, I respectfully recommend the court award the plaintiff $50,434.00

(consisting of $49,925.00 in attorneys' fees and $509.00 in litigation costs).

I.       Background

        I assume the reader's familiarity with the facts and procedural history of this action and

include here only the details pertinent to the instant motion. On December 9, 2016, the court

approved a proposed settlement that provided for the defendants to pay $52,324.25 to Ham and

$32,676.75 to Lee, with attorneys' fees and costs to be determined later by the court. DE 53. The

plaintiffs filed the instant motion on November 2, 2016, together with supporting exhibits and a

memorandum of law. *See* DE 47 (motion); DE 47-1 (Kimm Decl.); DE 47-7 ("Memo."). The

defendants filed their opposition papers on November 28, 2016. DE 50 (memorandum of law)

("Opp."); DE 49 (Schlossberg Decl.); *see also* DE 54 (supplemental opposition). The plaintiffs filed

their reply in the form of a 55-page declaration (rather than a memorandum) including legal arguments on December 12, 2016. DE 55 ("Reply").

II.      Discussion

A.      Threshold Matters

The plaintiffs contend that the "[d]efendants' refusal to produce their own fee records … should result in an adverse inference on this application." Reply ¶ 27. They do not specify just what inference the court should infer. In any event, the issue before the court is the reasonable amount of attorney's fees for which the plaintiffs should be reimbursed. While information about how much the defendants were willing to pay their lawyers might provide some tangentially useful information, the absence of such information cannot render the plaintiffs' request reasonable or otherwise. I therefore draw no inference from the lack of defendants' billing records.

The defendants have moved either to strike the plaintiffs' reply or for leave to file a sur-reply. DE 57. While the defendants are correct that the plaintiffs' reply violated both my individual practice requirements (which limit reply memoranda to ten pages) and the local rule governing motion practice (which prohibits making legal arguments in the form of declarations rather than memoranda of law), the relief the defendants seek would needlessly circumscribe (or, if the alternative relief were granted, prolong) the court's analysis of the merits of the fee application. The court can properly assess those merits (and properly exclude the excessive hours billed for the improper reply declaration) without the need either to strike a submission or further extend the briefing. The motion is therefore denied in full.

B.      Attorneys' Fees

Nowhere in the plaintiffs' extensive motion papers do they specify the amount they seek. Based on my review of the submitted billing records, the plaintiffs appear to seek $152,875.00 in

2

fees for 449 hours of work and $509.00 in costs. DE 47-2 (Billing Records); DE 55-22 (Reply Billing

Records). As explained below, I respectfully recommend a lesser award.

Courts in this circuit assess fee applications using the "lodestar method," under which a

reasonable hourly rate is multiplied by a reasonable number of hours expended. *See Luciano v. Olsten

Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 166 (E.D.N.Y.

2004) (citing cases).[1] A reasonable hourly rate is the rate a "reasonable, paying client would be willing

to pay." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation omitted); *see also*

*McDaniel v. County of Schenectady*, 595 F.3d 411, 420-21 (2d Cir. 2010); *Manzo v. Sovereign Motor Cars,*

*Ltd.*, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010). Reasonable hourly rates are informed in

part by the rates "prevailing in the community for similar services of lawyers of reasonably

comparable skill, experience, and reputation." *Ferrara v. All Am. Trucking Servs., Inc.*, 2012 WL

1042936, at *7 (E.D.N.Y. Feb. 17, 2012) (report and recommendation) (quoting *Blum v. Stenson*, 465

U.S. 886, 896 n.11 (1984)), *adopted*, 2012 WL 1041820 (E.D.N.Y. Mar. 28, 2012). District courts have

broad discretion, using "their experience with the case, as well as their experience with the practice

of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*,

2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d

Cir. 1992)). A fee applicant bears the burden of demonstrating the hours expended and the nature of

the work performed through contemporaneous time records that describe with specificity the nature

of the work done, the hours, and the dates. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711

F.2d 1136, 1147-48 (2d Cir. 1983). The absence of contemporaneous records precludes any fee

---

[1] I use the term "lodestar" only for ease of reference. *See Arbor Hill Concerned Citizens Neighborhood*
*Ass'n v. County of Albany*, 522 F.3d 182, 190 n.4 (2d Cir. 2008); *see also Millea v. Metro-N. R.R. Co.*, 658
F.3d 154, 166-67 (2d Cir. 2011) (describing the lodestar as producing a "presumptively reasonable
fee" and noting that failure to calculate it as a starting point in determining a fee award is "legal
error").

award in all but the most extraordinary of circumstances. *See Scott v. City of N.Y.*, 626 F.3d 130, 133-

34 (2d Cir. 2010). Inadequate documentation warrants reduction of a fee award. *See Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983); *Levy v. Powell*, 2005 WL 1719972, at *6-7 (E.D.N.Y. July 22,

2005).

        C.      <u>Hourly Rate</u>

        The plaintiffs seek reimbursement for the work of their counsel at the following rates: $500

per hour for Michael Kimm ("Kimm") who has 25 years of experience in complex litigation,

including labor and employment matters; and $250 per hour for Adam Garcia ("Garcia"), a third-

year associate. *See* Memo. at 3, 8. Those requests exceed the hourly rates normally approved in this

district for comparable professionals in federal wage cases. *See, e.g., Valdez v. H & S Rest. Operations,*

*Inc.*, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016) (report and recommendation) (collecting

cases where courts in this district awarded between $300 to $400 per hour for partners and

experienced attorneys), *adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *Gayle v. Harry's Nurses*

*Registry, Inc.*, 2013 WL 5502951, at *8 (E.D.N.Y. Aug. 26, 2013) (report and recommendation) (citing

*Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)) (observing that $100 to $150

per hour is a reasonable rate for junior associates in FLSA cases in this district), *adopted*, 2013 WL

5502950 (E.D.N.Y Sept. 30, 2013). In seeking to support their claim for higher rates, the plaintiffs

improvidently rely on cases that are inapposite because they are from other districts or arise outside

the context of federal wage litigation. They also fail to acknowledge the difference between the

different rates approved for junior associates and more experienced lawyers. *See* Memo. at 3. I

respectfully recommend adopting hourly rates of $350 for Kimm and $150 for Garcia. *Cf. Chowdhury*

*v. Hamza Express Food Corp.*, 2015 WL 5541767, at *10 (E.D.N.Y. Aug. 21, 2015) (report and

recommendation) (recommending reduction of Kimm's claimed hourly rate from $400 to $300 to

reflect the quality of his work), *adopted*, 2015 WL 5559873 (E.D.N.Y. Sept. 18, 2015), *aff'd*, 666 F. App'x 59 (2d Cir. 2016).

        D.      <u>Hours Expended</u>

The Billing Records appear to charge for a total of 449 hours of attorney work: 162.5 by Kimm and 286.5 by Garcia. DE 47-2 (reflecting 388.5 hours prior to the reply); DE 55-22 (adding 60.5 hours for work leading up to and including the reply). Those amounts are excessive for a two-plaintiff case that settled within a year, with no motion practice and limited discovery that lasted only a few months. *Cf. Jin v. Pacific Buffet House, Inc.*, 2010 WL 2653334, at *5 (E.D.N.Y. June 25, 2010) (finding 379.5 hours reasonable for an FLSA case that lasted almost two years and culminated in a six-day bench trial with post-hearing briefing). The plaintiffs seek to justify their request by citing the facts that the defendants operated in multiple locations with insufficient records and that the parties used the Korean language to communicate in speech and writing. *See* Kimm Decl. ¶ 29; Memo. at 7. However, such obstacles are routine in federal wage cases and do not justify the excessive number of hours the plaintiffs claim.[2]

Moreover, counsel's billing practices contributed to the excess. For example, counsel billed for work that is typically performed by non-professional support and staff billed at a lower hourly rate. *See, e.g.*, Billing Records at 2 (one hour for opening the case file), 5 (two hours for filing the complaint and supporting documents). The billing records also include entries that claim excessive time for routine tasks. *See, e.g., id.* at 19 (two hours for reviewing emails and letters regarding settlement); Reply Billing Records at 3 (billing 9.75 hours to review the record and extract quotes to

---

[2] The plaintiffs have not provided any justification for the approximately 60 hours billed in connection with their Reply. *See* Reply ¶ 96 (flatly asserting that the charges relating to the Reply "should be granted in full as well"). As noted above, the Reply's length and content are inconsistent with applicable rules. No paying client would countenance the excessive fees charged for such a needlessly prolix submission, and the defendants should not be required to subsidize it.

use in the reply declaration"); *see also Gayle*, 2013 WL 5502951, at *7 ("The court should thus exclude

'excessive, redundant or otherwise unnecessary hours.'") (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d

422, 425 (2d Cir. 1999)). The billing records also include vague entries such as reviewing "recent case

law" and "various emails" and a conference "with [Kimm] re status." Billing Records at 11, 28;

*Larsen v. JBC Legal Grp.*, 588 F. Supp. 2d 360, 365 (E.D.N.Y. 2008) ("Where billing records are

vague, a reduction in fees is appropriate."). It also appears that counsel improperly charged the full

rate for case-related travel rather than discounting such time in accord with usual practice. *See, e.g.*,

Billing Records at 14 (billing 5.5 hours at full hourly rate to attend routine pretrial court proceedings

that were likely much shorter in duration); *Hernandez v. NJK Contractors, Inc.*, 2015 WL 5178119, at *3

(E.D.N.Y. Sept. 3, 2015) (explaining that courts typically reduce attorneys' fees by fifty percent for

travel time).

Instead of barring recovery for individual excessive or vague entries, the court may make an

across-the-board percentage cut of the number of hours. *In re "Agent Orange" Prod. Liab. Litig.*, 818

F.2d 226, 237 (2d Cir. 1987); *Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp.*, 2014 WL

887222, at *6-7 (E.D.N.Y. Jan. 6, 2014) (internal quotation omitted) (collecting cases where fees

were reduced by 10 to 40 percent for excessive entries and by 15 to 30 percent for vague entries).

Under these circumstances, I respectfully recommend a 50 percent reduction in the number of

hours claimed.[3] Accordingly, as set forth in the following chart, I respectfully recommend a fee

award in the total amount of $49,925.00.

---

[3] Consistent with the principle of simplifying the review of fee applications, I recommend a single percentage discount for all of the claimed hours, rather than one discount for the hours claimed in the initial application and the much larger discount that would be warranted in connection with the Reply.

| Attorney | Claimed Hourly Rate | Adjusted Hourly Rate | Claimed Hours | Adjusted Hours | Adjusted Fee |
|---|---|---|---|---|---|
| Kimm | $500 | $350 | 162.5 | 81.25 | $28,437.50 |
| Garcia | $250 | $150 | 286.5 | 143.25 | $21,487.50 |
| | | Total | 449.0 | 224.50 | $49,925.00 |

E.      Litigation Costs

The plaintiffs do not specify the total amount of costs for which they seek reimbursement. However, their billing records include entries totaling $509.00, consisting of the $400.00 filing fee and $109.00 for parking and tolls. Billing Records at 5, 10, 14. These expenses are supported by the record. I therefore respectfully recommend that the court award the plaintiffs $509.00 in costs.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court award the plaintiffs $50,434.00 (consisting of $49,925.00 in attorneys' fees and $509.00 in litigation costs).

IV.     Objections

Any objections to this Report and Recommendation must be filed no later than September 1, 2017. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinsion, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
       August 18, 2017

_____/s/_____
James Orenstein
U.S. Magistrate Judge

7