UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
SEONG SOO HAM, et al.,

                Plaintiffs,

  -against-                        **MEMORANDUM AND ORDER**
                                         1:15-cv-06138(FB)(JO)
SUSHI MARU EXPRESS CORP., et al.,

                Defendants.
-----------------------------------------------x

*Appearances:*
*For the Plaintiff*                       *For the Defendant*
MICHAEL KIMM                    TIMOTHY JAMES DOMANICK
ADAM GARCIA                       JEFFREY M. SCHLOSSBERG
Kimm Law Firm                       Jackson Lewis PC
333 Sylvan Ave, Suite 106        58 S. Service Road
Englewood Cliffs, NJ 07632       Melville, NY 11747

**BLOCK, Senior District Judge:**

      On October 26, 2015, Plaintiffs Seong Soo Ham ("Ham) and Eun Yong Lee ("Lee") filed a Complaint accusing named Defendants Sushi Maru Express Corp., Kevin Kim, and Hak Jae Lim of violating federal and state wage laws. On December 9, 2016, the Court approved a settlement between the parties. *See* DE 53. The question of attorneys' fees was referred to Magistrate Judge Go, and then transferred to Magistrate Judge Orenstein, who made the final determination of attorneys' fees and costs. On August 18, 2017, Magistrate Judge Orenstein issued a Report and Recommendation ("R&R") recommending an award to Plaintiff of $50,434.00 (consisting of $49,925.00 in attorneys' fees and $509 in litigation costs). *See* DE 61. The R&R instructed that

"[a]ny objections to this Report and Recommendation must be filed no later than September 1, 2017" and that "[f]ailure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order." R&R at 7.

On September 1, 2017, Plaintiffs filed a "Motion for Appeal of Magistrate Judge's Report and Recommendation, ECF61" supported by a "Memorandum of Law in Support of [Plaintiffs'] Motion to Review and Modify the Magistrate Judge's Improvident Denial of Substantial Fees." *See* DE62. The Court will review the R&R *de novo*. 28 U.S.C. § 636(b)(1); *United States v. Tortora*, 30 F.3d 334, 337 (2d Cir. 1994).

The Plaintiffs' objections are meritless, and Magistrate Judge Orenstein's carefully reasoned R&R is adopted in its entirety.

# I

"The district court retains discretion to determine . . . what constitutes a reasonable fee." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (internal quotation marks omitted). The lodestar method – that is, the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. V. Cnty. Of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (lodestar has "achieved dominance in the

federal courts") (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002)). "While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Plaintiffs essentially raise two complaints regarding the magistrate judge's calculation of the lodestar: first, that the magistrate judge improperly reduced the hourly rates of Plaintiffs' attorneys, Michael Kimm ("Kimm") and Adam Garcia ("Garcia"), and second, that the magistrate judge excessively reduced the hours billed by Plaintiffs' attorneys.[1] Each will be addressed in turn.

**1.    Reasonable Hourly Rates**

Kimm, who has twenty-five years of experience in complex litigation, requested $500 per hour, and Garcia, who is a third-year associate, requested $250 per hour. The magistrate judge reduced these rates to $350 per hour and $150 per hour, respectively. The Court agrees.

Reasonable hourly rates are informed, in part, by the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience,

---

[1] Plaintiffs also argue that the magistrate judge should have applied what they refer to as the "Goldberg factors." Plaintiffs apparently gleaned these factors from the case *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). However, these *Goldberger* factors only apply "in determining a reasonable common fund fee." *Id*. Because the award of fees here is statutory, and does not arise in the common fund context, the *Goldberger* factors do not apply.

and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "It is well established that the 'prevailing community' the district court should consider to determine the 'lodestar' figure is 'the district in which the court sits.'" *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (quoting *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

Here, the magistrate judge thoroughly surveyed the Eastern District of New York ("E.D.N.Y.") and determined that the rates requested by Kimm and Garcia "exceeded the hourly rates normally approved in this district for comparable professionals in federal wage cases." The magistrate judge found that partners and experienced attorneys are typically awarded between $300 and $400 per hour, and junior associates between $100 and $150 per hour in wage cases. *See, e.g.*, *Valdez v. H & S Rest. Operations, Inc.*, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016) (report and recommendation) (collecting cases in which courts in this district awarded between $300 and $400 per hour for partners and experienced attorneys), *adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *Gayle v. Harry's Nurses Registry, Inc.*, 2013 WL 5502951, at *8 (E.D.N.Y. Aug. 26, 2013) (report and recommendation) (citing *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (observing that $100 to $150 per hour is a reasonable rate for junior associates in FLSA cases in this district), *adopted*, 2013 WL 5502950 (E.D.N.Y. Sept. 30, 2013).

Against this, Plaintiffs cite to a string of intellectual property cases, mostly from

4

out of district, granting higher hourly rates to partners. *See, e.g.*, *Louis Vuitton Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 360-61 (S.D.N.Y. 2009) (approving $540 per hour rate in trademark case). These cases are not on point because this is a wage case, not an intellectual property case. Further, the correct inquiry asks what the typical hourly rates are in "the district where the court sits." *Luciano*, 109 F.3d at 115. This Court sits in the E.D.N.Y., so cases from other districts are not relevant.

Plaintiffs also cite to a string of cases approving higher hourly rates for senior associates, but ignores the critical distinction between experienced and inexperienced associates highlighted by the very cases Plaintiffs cite. The higher hourly rates approved in these cases were for senior, not junior, associates. For example, in *Brady v. Wal-Mart Stores, Inc.*, 2010 WL 4392566, at *5 (E.D.N.Y. Oct. 29, 2010), cited by Plaintiffs, the Court *reduced* several inexperienced associates' hourly rate to $175.

Therefore, the magistrate judge properly reduced the hourly rates of Kimm and Garcia to the prevailing E.D.N.Y. rates for federal wage lawyers of similar experience.

**2.     Reasonable Hours Expended**

In a federal wage case that reached settlement within ten months and featured no motion practice and limited discovery, Plaintiffs' attorneys expended over 449 hours of work. We agree with the magistrate judge that these hours expended are unreasonable.

"The district court [] should exclude . . . hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not

properly billed to one's *client* also are not properly billed one's *adversary* . . ." *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

The magistrate judge reduced the hours billed by Plaintiffs' attorneys by 50%. In so doing, he noted a recent FLSA case that lasted two years and culminated in a six-day bench trial with post-hearing briefing, in which 379.5 hours expended was held to be reasonable. *Jin v. Pacific Buffet House, Inc.*, 2010 WL 2653334, at *4 (E.D.N.Y. June 25, 2010). In contrast, Plaintiffs' attorneys billed over 100 hours more for a case that lasted less than half the time and did not require a trial.

The magistrate judge also noted serious problems with Plaintiffs' attorneys' billing practices, including having counsel perform secretarial work that should have been performed by support staff, claiming excessive time for routine tasks, including vague entries in the billing record, and failing to discount time for case-related travel. After reviewing Kimm and Garcia's billing record, the Court concurs with the magistrate judge's findings. Plaintiffs' counsel simply spent too much time on simple tasks and failed to discount several significant large blocks of travel time, *Hernandez v. NJK Contractors, Inc.*, 2015 WL 5178119, at *3 (E.D.N.Y. Sept. 3, 2015) (explaining custom in E.D.N.Y. to reduce billing for travel time by half). The Court would add that Plaintiffs' attorneys billed in only quarter-hour blocks, which is notorious for resulting in inflated billing. *See, e.g.*, *Houston v. Cotter*, 234 F. Supp. 3d 392, 410 (E.D.N.Y. 2017) ("the Court finds that a reduction is further warranted based on counsel's quarter-

hour billing.")

The Court also agrees with the magistrate judge that the 60.5 hours billed by Kimm and Garcia for the attorneys' fees reply is entirely unjustifiable. Kimm and Garcia inexplicably submitted a fifty-five-page declaration containing improper legal arguments rather than the required ten-page memorandum, in violation of both the magistrate judge's motion practice rules and the E.D.N.Y.'s local rules. Plaintiffs now seek to have opposing party pay for their flagrant violation of these rules. This position is untenable.

Plaintiffs make no substantive arguments on their motion to reconsider that were not already considered and properly rejected by the magistrate judge. While Plaintiffs may find that a 50% reduction of hours "shocks the conscience," it is consistent with E.D.N.Y. precedent when faced with multiple serious errors in billing practice and generally inflated hours. *See*, *e.g.*, *Houston*, 234 F. Supp. 3d at 410 (applying a 50% across-the-board reduction in counsels' hours). The present case also requires a higher-than-average discount to account for the hours wasted on Plaintiffs' improper reply.

The Court further disapproves of Plaintiffs' attempt to cast the magistrate judge's decision as driven by bias against small firms. *See* Plaintiffs' Motion at 13 ("This kind of reduction would never be applied if the defense counsel or another "big firm" were the fee-applicant. . . . [T]he R&R's excessive slashing of the fees can only be seen in this light, and it shocks the conscience.") This Court has tremendous respect for small

firm lawyers and, substantively, approves of the work Kimm and Garcia performed to achieve a positive result for their clients. However, the Court cannot condone the billing practices seen here. If a big firm had submitted nearly 450 hours expended for a routine wage case that settled within a year without motion practice, and supported the claim with only vague, quarter-hour billings demonstrating excessive amounts of time spent on routine tasks, it too would see its hours slashed.[2]

As such, the Court agrees with the magistrate judge's 50% across-the-board reduction of Kimm and Garcia's hours expended.

## II

For the reasons stated above, Magistrate Judge Orenstein's R&R is adopted in full. Plaintiffs are awarded $49,925.00 in attorneys' fees and $509.00 in costs.

**SO ORDERED**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 12, 2017

---

[2] Notably, at the time the Judge herein took the bench, he was the senior partner of a two-member law firm in Suffolk County, New York.

8